UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Earl Jackson, #176463, | ) C/A No. 0:05-2591-HFF-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Chief Deputy Gable; | ) |
| Inv. Robert Rushton; | ) |
| Probation Off. Kevin Reeder; | ) |
| Solicitor Irvin Mays, | ) |
| | |
| Defendants. | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the named Defendants violated his constitutional rights by falsely imprisoning him and conducting a malicious prosecution.

Plaintiff filed a motion for summary judgment on February 3, 2006 pursuant to Rule 56, Fed.R.Civ.P. The Defendant Reeder thereafter filed his own motion for summary judgment on February 21, 2006, following which a Roseboro order was entered by the Court on February 23, 2006 advising the pro se Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendant's motion may be granted. The Defendants Gable and Maye[1] then also filed a motion for summary judgment on March 8, 2006, following which a second Roseboro order was

---

[1] This Defendant's name is mis-spelled as "Mays" in the caption of the Complaint.



0:05-cv-02591-HFF     Date Filed 04/27/06    Entry Number 33     Page 2 of 13

entered on March 14, 2006.[2] Memoranda in opposition to Plaintiff's motion for summary judgment were also filed by these Defendants.

Plaintiff filed a memorandum in opposition to the Defendant Reeder's motion for summary judgment on March 9, 2006 and to the Defendant Gable and Maye's motion for summary judgment on April 3, 2006. All of the pending motions are now before the Court for disposition.[3]

**Background and Evidence**

Plaintiff alleges in his verified Complaint[4] that on or about February 21, 2004 the Defendants Gable and Rushton (both McCormick County sheriff's deputies) came to his home to investigate a crime. Plaintiff alleges that these deputies found his fifteen year old son, Calvin, at the home and questioned him. Plaintiff alleges that his sister and Calvin's grandparents were notified about this incident, and that Calvin was released to the custody of his sister about an hour and a half later. Plaintiff further alleges that his property was searched without his permission.

Plaintiff alleges that he went to see the Defendant Rushton "about holding my son and searching my property without my permission when they told me I was under arrest for receiving stolen good[s]." Plaintiff alleges that at "19:00 hr." he was taken out of jail and brought back to his

---

[2]The file reflects that the remaining Defendant Robert Rushton has never been served with process in this case. See Court Document No. 17.

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[4]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



house so that he could be served with a search warrant, and that he was charged with "everything they seen when they kidnapped my son earlier that day." Plaintiff alleges that he was on probation, which was violated ten days later without a probation hearing by the Defendants Maye (a prosecutor) and Reeder (his probation officer). Plaintiff alleges that he was maliciously prosecuted by these Defendants without due process of law. Plaintiff also alleges that in August 2005, all of the charges that had been filed against him were dropped. Plaintiff seeks financial damages and return of his seized property.[5] See generally, Verified Complaint with attached Exhibits.

        Plaintiff has attached an affidavit to his motion for summary judgment wherein he alleges that he was informed on February 21, 2004 that Gable had arrived at his residence and questioned his son, and then refused to release his son until Plaintiff's sister (Irene Moss) arrived, at which time he was released to her custody. Plaintiff attests that "thereafter Chief Deputy Gable and Inv. Robert Rushton left my premise and parked across the street. I arrived at McCormick Police Dept. to confront the detention of my son when I was arrested." See generally, Plaintiff's Affidavit. Plaintiff has also attached a copy of an affidavit executed by Rushton in support of a search warrant for Plaintiff's premises, as well as a second affidavit wherein Plaintiff attests that he was charged with receiving stolen goods on February 21, 2004 and arrested. Plaintiff further attests that probation officer Kevin Reeder informed him on February 29, 2004 that Plaintiff would go to General Sessions Court for a probation violation, and that he was brought before the court and prosecuted for receiving

---

[5]Plaintiff indicates in his Complaint that he seeks damages for both himself and for his son. However, Plaintiff cannot represent his minor son in this action. See Cheung v. Youth Orchestra Foundation, 906 F.2d 59, 61 (2d Cir. 1990); Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225 (3d Cir. 1998); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); Meeker v. Kercher, 782 F.2d 153 (10th Cir. 1986); Devine v. Indian River County School Bd., 121 F.3d 576, 582 (11th Cir. 1997); see also Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 124-125 (2d Cir. 1998) [relying on the common-law rule against non-attorney parents representing their children pro se in civil suits].



stolen property by the Defendant Solicitor Irvin Maye. Plaintiff attests that he was sentenced to two years in prison on March 3, 2004. See generally, Plaintiff's Second Affidavit. A copy of Plaintiff's conviction sheet is attached to his second affidavit. Finally, Plaintiff has submitted a third affidavit wherein he attests that he was served with a warrant for burglary on February 24, 2004 while in jail after he had been arrested for receiving stolen property. The warrant for burglary was out of Wilkes County, Georgia. Plaintiff attests that he was extradited back to Wilkes County in October to face trial for burglary, where he pled not guilty on October 28, 2004, and had a jury trial on November 10, 2004. Plaintiff attests that he then entered an Alford[6] plea with respect to these charges, although he also attests that his attorney did so without advising him. See generally, Plaintiff's Third Affidavit with attached court documents from the State of Georgia.

In support of Defendants' motions for summary judgment, the Defendant Reeder has submitted an affidavit wherein he attests that he is a probation officer with the South Carolina Department of Probation, Parole, and Pardon Services, and is the agent in charge of the McCormick office of that department. Reeder attests that Plaintiff was sentenced to ten years imprisonment for aggravated assault and battery on January 9, 1991, suspended upon the service of two years and five years probation which began January 21, 2000. A copy of the probation order containing the conditions of Plaintiff's probation is attached to Reeder's affidavit as Exhibit A. Reeder attests that he was Plaintiff's probation officer, that Plaintiff was a difficult probationer, and that on several occasions he called the Plaintiff and made home visits to urge him to report so that he [Reeder] would not have to report the violation of his probation.

Reeder further attests that he was advised of Plaintiff's arrest for receiving stolen

---

[6] North Carolina v. Alford, 400 U.S. 25, 37 (1970).



goods and possession of unlawful alcohol, and that he also became aware that Plaintiff had been in possession of guns. Reeder attests that following his arrest, Plaintiff failed to report his arrest to him as required by the probation order, which constituted a violation of that order. Reeder attests that he thereafter prepared a violation report (a copy of which is attached to Reeder's affidavit as Exhibit B) and signed an arrest warrant for the Plaintiff for violating his probation (a copy of which is attached to Reeder's affidavit as Exhibit C). Reeder also attests that when he discussed the charges with the Plaintiff, Plaintiff admitted to the possession of guns.

Reeder attests that a probation violation hearing was held before the Honorable William Keesley, South Carolina Circuit Judge, on March 10, 2004, at which Reeder recommended revoking Plaintiff's probation. Reeder attests that Judge Keesley revoked two years of the remaining eight years on the Plaintiff's original sentence, terminated the balance of the sentence, and extinguished Plaintiff's financial obligation. A copy of Judge Keesley's order is attached to Reeder's affidavit as Exhibit D.[7] See generally, Reeder Affidavit with attached Exhibits.

The Defendants Maye and Gable did not submit any exhibits in support of their motion for summary judgment; however, Plaintiff submitted some additional exhibits as attachments to his memorandum in opposition to that motion. First, Plaintiff resubmitted Rushton's affidavit in support of search warrant (previously submitted). Plaintiff also submitted an affidavit from Irene Jackson wherein she attests that she and her mother went to the Plaintiff's house and told the police that the two other individuals who were there with the Plaintiff's child did not live there, so the police officers let them go. See Jackson Affidavit. Finally, Plaintiff has submitted an affidavit from Galvin [last name unintelligible] who attests that he [she] is one of Plaintiff's neighbors and saw a police

---

[7]This document is also Plaintiff's Exhibit B.



officer looking under Plaintiff's house on the day in question. When he [she] walked outside, the police officer asked where the Plaintiff was and where Plaintiff got most of his belongings from. Galvin attests that the officer also told him [her] that they could not leave because there was "no adult authority around." See generally, Galvin [last name unintelligible] Affidavit.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

With respect to the Defendant Maye, it is uncontested in the record before this Court that this Defendant is a prosecutor with the Solicitor's office in McCormick County, South Carolina. Maye contends in his motion for summary judgment that he is entitled to dismissal as a party Defendant on the grounds of, inter alia, prosecutorial immunity and failure of the Plaintiff to set forth



6

a viable claim against him. After review of the arguments and material before this Court, the undersigned agrees with the Defendant Maye that he is entitled to dismissal as a Defendant.

The only claim asserted by the Plaintiff against Maye in his verified Complaint is that Maye maliciously prosecuted him without due process of law. See also Plaintiff's Motion for Summary Judgment, at ¶ B. Prosecutors are protected by immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, grand jury proceedings, pretrial motions hearings, hearings, and ancillary civil proceedings. Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reid, 500 U.S. 478 (1991); Dababnah v. Keller- Burnside, 208 F.3d 467, 470 (4th Cir. 2000). This absolute immunity from suit applies when prosecutors are performing functions that require an exercise of their prosecutorial discretion, and encompasses a prosecutor's decision as to whether or not to go forward with a prosecution. See Pachaly v. City of Lynchburg, 897 F.2d 723 (4th Cir. 1990); Carter v. Burch, 34 F.3d 257 (4th Cir. 1994); Weller v. Dept. Of Social Services for the City of Baltimore, 901 F.2d 387 (4th Cir. 1990); Springmen v. Williams, 122 F.3d 211 (4th Cir. 1997). Further, there is no evidence that Maye played any role in Plaintiff's arrest, and he has failed to set forth any factual allegations that Maye engaged in any wrongdoing with regard to his arrest and prosecution. Therefore, Maye is entitled to dismissal as a party Defendant.

## II.

With respect to the Defendant Reeder, as a probation officer acting in his official capacity, this Defendant is also entitled to immunity from suit in this action. The evidence shows that Reeder prepared a violation report on the Plaintiff following his arrest, and that Reeder thereafter participated in Plaintiff's revocation hearing before the Circuit Court. See Reeder



Affidavit, with attached Exhibits. No viable claim against Reeder is shown in this evidence. See Boyce v. County of Manicopa, 144 Fed.Appx. 653, 654 (9th Cir. Aug. 15, 2005) ["The district court properly concluded that the probation officer defendants were entitled to absolute quasi-judicial immunity against damages claims."]; Galvin v. Garmon, 710 F.2d 214, 215 (5th Cir. 1983) [state probation officers entitled to qualified immunity]; Ray v. Pickett, 734 F.2d 370 (8th Cir. 1984) [probation officers entitled to qualified immunity for their roles in petitioning for probation revocation]. See also Faile v. South Carolina Department of Juvenile Justice, 566 S.E.2d 536, 540-541 (S.C. 2002) [applying South Carolina law]. Further, witnesses in criminal proceedings have absolute immunity in an action for damages brought under § 1983. See Briscoe v. LaHue, 460 U.S. 325, 327-346 (1983); Lowman v. Town of Concord, 1995 WL 108224 (W.D.N.Y. March 7, 1995) (collecting cases); Kincaid v. Eberle, 712 F.2d 1023 (7th Cir.  ), cert. denied, 464 U.S. 1018 (1983); Mireles v. Waco, 502 U.S. 9 (1991).

In any event, Plaintiff's claim for damages based on the revocation of his probation is subject to dismissal because a right of action has not yet accrued with respect to any such claim. See Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  * * *

8



Heck v. Humphrey, supra.  See also Eaton v. McGee, 113 Fed.Appx. 9, 10 (5th Cir. 2004) [§ 1983 complaint challenging parole revocation and two additional convictions barred by Heck where inmate had not shown that revocation or convictions had been set aside or otherwise called into question]; O'Bryant v. Taylor, 263 F.3d 163  (5th Cir. 2001) [applying Heck to a probation revocation proceeding); Jackson v. Vannoy, 49 F.3d 175, 176 (5th Cir. 1995) [Heck applied to probation revocation proceeding], cert. denied, 516 U.S. 851 (1995). As the revocation of Plaintiff's probation has not been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff's claim with respect to his probation revocation is barred by Heck.

### III.

With respect to the Defendant Gable, Plaintiff alleges that this Defendant (together with the unserved Defendant Rushton) acted improperly with regard to the manner in which they obtained a search warrant and searched his property and placed him under arrest.  Gable argues that Plaintiff's claims for malicious prosecution and false imprisonment with respect to Plaintiff's arrest following the investigation against him are subject to dismissal under Heck, noting that the evidence presented to the Court shows that Plaintiff pled guilty to the burglary charge brought in Georgia. Gable asserts that the stolen property seized from Plaintiff's residence was the property on which his Georgia burglary conviction was based, and therefore argues that Plaintiff's malicious prosecution and false imprisonment claims necessarily imply the invalidity of his conviction and sentence in Georgia.

As support for his argument that he can pursue this claim, Plaintiff notes in his verified Complaint that the charges filed against him *in South Carolina* as a result of this search

9



were dropped. However, this does not mean that Plaintiff is entitled to proceed with this claim. Even where criminal charges are nolle prossed, and therefore no conviction was obtained, Heck still bars a claim for damages unless the Plaintiff establishes that the nolle prosequi was entered for reasons consistent with his innocence. *Cf.* Washington v. Summerville, 127 F.3d 552, 557 (7th Cir. 1997), cert. denied, 118 S.Ct. 1515 (1998). Here, however, Plaintiff's own exhibits reflect that his South Carolina indictments were nolle prossed with leave to re-indict. See Exhibits. This is not a favorable disposition of these charges under South Carolina law. McKenney v. Jack Eckerd Co., 402 S.E.2d 887-888 (S.C. 1991); cf. State v. Gaskins, 210 S.E.2d 590, 592 (S.C. 1974); *cf.* Washington, 127 F.3d at 557 ["The plaintiff has the burden of proving a favorable termination. (citation omitted). The plaintiff meets his burden of proof only when he establishes the nolle prosequi was entered for reasons consistent with his innocence. (citation omitted). The circumstances surrounding the cessation of the criminal proceedings must compel an inference that reasonable grounds to pursue the criminal prosecution were lacking." (citation omitted)]. Therefore, Plaintiff's claim against the Defendant Gable for malicious prosecution and false imprisonment based on the search of his property and subsequent arrest is barred by Heck. See Roesch v. Otarola, 980 F.2d 850, 853-854 (2d Cir. 1992) [holding that requirement that § 1983 plaintiff receive favorable termination applies equally to claims of false arrest, false imprisonment and malicious prosecution]; Berman v. Turecki, 885 F.Supp. 528, 532-533, & n. 9 (S.D.N.Y. 1995) [holding that where criminal charges are inextricably intertwined with Plaintiff's claims because both resulted from an allegedly unconstitutional search, in order to succeed on his claim plaintiff must prove that the search was unconstitutional, and by extension, that any item seized pursuant to the search should have been suppressed. Effectively, this would constitute a collateral

10



attack on Plaintiff's conviction through the vehicle of a civil suit, which is exactly the outcome Heck sought to prevent]; Lambert v. Williams, 223 F.3d 257, 260-261 (4th Cir. 2000) [claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996) [Claim for malicious prosecution does "not accrue until a favorable termination is obtained."].[8]

### Conclusion

Based on the foregoing, it is recommended that Plaintiff's motion for summary judgment be **denied**, that the Defendants' motions for summary judgment be **granted**, and that this case be **dismissed**.[9] To the extent Plaintiff's claims relate to his criminal charges and/or convictions/probation revocations discussed herein, those claims should be **dismissed** without

---

[8] In making this recommendation, it is worth noting that a claim which arises incident to an arrest is not always necessarily precluded by the subsequent conviction of a defendant on charges relating to his arrest. See Brooks, 85 F.3d at 182-183 ["[A] section 1983 action which would not render a conviction or sentence invalid and that seeks to recover damages other than those resulting from conviction or sentence was cognizable and could proceed assuming no other bar to action was present, even though the Plaintiff's conviction or sentence had not been reversed."]. For example, if a suspect was arrested on a charge of forgery, his later conviction on that forgery charge would not preclude him from filing a § 1983 action against the arresting officer for use of excessive force during his arrest, because a judgment in his favor on such a claim would not call into question his underlying forgery conviction. Here, however, a verdict in favor of the Plaintiff on his claims of malicious prosecution or false arrest would necessarily imply the invalidity of the underlying charges, and is therefore barred by Heck.

[9] Although the Defendant Rushton has never been served with process in this case, since the claims asserted against Rushton are the same claims that are asserted against Gable, the recommendation of dismissal set forth hereinabove applies to this Defendant as well.



prejudice pursuant to Heck.

        The parties are referred to the Notice Page attached hereto.

                              Bristow Marchant
                              United States Magistrate Judge

Columbia, South Carolina

April 27, 2006



### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

<div align="center">

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

</div>

